Filed 10/21/21  P. v. Shelton CA2/1
Opinion on remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RANDALL ALEXANDER SHELTON,<br><br>Defendant and Appellant. | B299376<br><br>(Los Angeles County Super. Ct. No. GA093524) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed as modified.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

————————

In 2019, the trial court ordered defendant and appellant Randall Alexander Shelton to serve seven years in prison. The sentence, which the trial court had imposed but suspended five years earlier, included two[1] 1-year enhancements under Penal Code[2] section 667.5, subdivision (b) for so-called "prison-prior" felonies. When Shelton violated his probation, the trial court ordered the execution of the suspended sentence.

Shelton contends that the enhancements must be stricken in light of Senate Bill No. 136 (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020), which became effective before Shelton's probation revocation became final and which eliminated section 667.5, subdivision (b) enhancements for defendants who, like Shelton, have not committed sexually violent offenses. In a previous opinion, we rejected Shelton's claim, but the Supreme Court ordered us to vacate the decision and reconsider the case in light of its opinion in *People v. Esquivel* (2021) 11 Cal.5th 671 (*Esquivel*). We now order the enhancements stricken.

---

[1] The sentence originally included five enhancements, but as we explain below, the trial court eliminated three of them on the ground that they were imposed erroneously.

[2] Unless otherwise specified, subsequent statutory references are to the Penal Code.

## FACTS AND PROCEEDINGS BELOW

On September 11, 2014, Shelton pleaded no contest to (counts 1 and 2) possession of a firearm by a felon (§ 29800, subd. (a)(1)), (count 3) possession of ammunition by a person prohibited from owning or possessing a firearm (§ 30305, subd. (a)(1)), and (count 4) unlawful driving or taking of a vehicle. (Veh. Code, § 10851, subd. (a).) Shelton also admitted that he had suffered five prior convictions for felonies to which one-year enhancements under section 667.5, subdivision (b) applied.

The trial court imposed an aggregate sentence of 10 years in prison, but suspended the execution of the sentence pending the completion of probation. The sentence consisted of the high term of three years for count 1, plus consecutive terms of eight months, or one-third the middle term, for each of counts 2, 3, and 4. In addition, the court imposed five 1-year enhancements under section 667.5, subdivision (b) to be served consecutively. The court placed Shelton on five years of formal felony probation and ordered him to serve 180 days in county jail.

On February 15, 2019, Los Angeles County Sheriff's deputies searched a car Shelton was traveling in and discovered a handgun. After a contested hearing, the trial court found that Shelton had violated the terms of his probation by possessing the gun. The court agreed with Shelton that three of the five enhancements under section 667.5, subdivision (b) were invalid and struck them from the sentence.[3] The court then ordered the execution of the sentence as modified, including the two

---

[3] In one instance, Shelton had received two enhancements based on a single prison commitment, and in two other instances, the convictions were not for felonies for which Shelton served prison sentences.

remaining enhancements, for a total term of seven years. Senate Bill No. 136 became effective on January 1, 2020, while Shelton's appeal of the probation revocation order was pending.

## DISCUSSION

Shelton contends we must strike the remaining two section 667.5, subdivision (b) enhancements from his sentence. According to Shelton, the judgment against him was not final at the time Senate Bill No. 136, which eliminated enhancements under section 667.5, subdivision (b) for offenses like his, became effective. He argues that the new law therefore applies retroactively to him. We agree.

Prior to the enactment of Senate Bill No. 136, a defendant who was convicted of a felony was subject to a one-year enhancement under section 667.5, subdivision (b) for each separate prison term he had previously served for committing a felony.[4] Under the new law, the enhancement applies only if the defendant served a prior prison term "for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code." (§ 667.5, subd. (b).)

Senate Bill No. 136 applies retroactively to defendants whose convictions were not final at the time the law became effective. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342; *People v. Winn* (2020) 44 Cal.App.5th 859, 872–873.) As the court explained in *Winn*, "[g]enerally, a statute applies prospectively

---

[4] The enhancement does not apply if the defendant has been free from prison custody for at least five consecutive years following the term of imprisonment without committing another felony. (*People v. Baldwin* (2018) 30 Cal.App.5th 648, 654.) This exception is not applicable to Shelton.

4

unless otherwise stated in the language of the statute, or when retroactive application is clearly indicated by legislative intent. (*People v. Brown* (2012) 54 Cal.4th 314, 319–320 . . . .)  However, '[w]hen the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date.'  (*Id.* at p. 323, . . . , citing *In re Estrada* (1965) 63 Cal.2d 740 . . . .)  By eliminating the one-year enhancement for prior prison terms that were not imposed for sexually violent offenses, the newly amended section reduces the punishment for such offenses." (*Winn, supra*, 44 Cal.App.5th at p. 872.)  The Legislature did not indicate otherwise, so we infer that Senate Bill No. 136 applies retroactively.  (See *Winn, supra*, at p. 872.)

In *People v. McKenzie* (2020) 9 Cal.5th 40, the Supreme Court held that in cases where the trial court has placed the defendant on probation and suspended the imposition of the sentence, the case is not yet final for purposes of the retroactivity rule.  The court noted that "[i]n criminal actions, the terms 'judgment' and ' "sentence" ' are generally considered 'synonymous' [citation], and there is no 'judgment of conviction' without a sentence."  (*Id.* at p. 46.)  In *Esquivel*, the court extended its decision in *McKenzie* to cases where the trial court imposed a sentence but suspended its execution pending the successful completion of probation.  (See *Esquivel, supra*, 11 Cal.5th at pp. 677–678.)  Senate Bill No. 136 became effective before the order revoking the defendant's probation was final in *Esquivel*.  (*Esquivel, supra*, at p. 673.)  Although the trial court had previously imposed a sentence, the Supreme Court reasoned

5

that the "case was not final, for purposes of the *Estrada* presumption, because the 'criminal prosecution or proceeding' brought against defendant was not complete when the ameliorative legislation at issue took effect." (*Id.* at p. 678.)

Shelton is situated identically to the defendant in *Esquivel*. Just as in *Esquivel*, Shelton's sentence included enhancements under section 667.5, subdivision (b) that would not apply under the law in effect following Senate Bill No. 136.[5] (See *Esquivel*, *supra*, 11 Cal.5th at p. 673.) Furthermore, the trial court in Shelton's case, just as in *Esquivel*, stayed the execution of the sentence pending probation. (See *ibid.*) Finally, just as in *Esquivel*, the order terminating Shelton's probation was not yet final when Senate Bill No. 136 became effective. (See *Esquivel*, *supra*, at p. 673.) Thus, under *Esquivel*, Shelton is entitled to have those enhancements stricken from his sentence.

---

[5] One of his enhancements was based on a conviction for pimping (§ 266h), and the other was for obstructing or resisting an executive officer from performing his or her duties (§ 69). Neither of these is a sexually violent offense (see Welf. & Inst. Code, § 6600, subd. (b)), as is required for an enhancement under section 667.5, subdivision (b) under current law.

## DISPOSITION

The enhancements imposed under section 667.5 are stricken. The trial court's order revoking probation is otherwise affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the stricken enhancements and to forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

7